IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRITTON ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-0312-MJR-DGW |
| ) | |
| EDWARD LEE BURDICK, and ) | |
| GDL TRANSPORT, LLC ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This suit concerns a commercial truck accident that occurred on April 10, 2013. On that day, Britton Roberts was parked in a state-operated truck in the southbound lane of Interstate 57 in Union County, Illinois, assisting in road maintenance on a stretch of the highway. A few minutes before 1:00 PM, a semi-truck operated by Edward Lee Burdick and owned by GDL Transport, LLC, struck Roberts' parked vehicle, causing him significant injuries. In January 2015, Roberts sued Burdick and GDL Transport in Illinois' First Judicial Circuit, claiming that Burdick was negligent and that GDL Transport was culpable for his negligence. Burdick and GDL Transport then removed the case to this Court on diversity grounds, and the case proceeded through discovery and was on track for an April 2016 trial. A few weeks before the trial date, the Court was advised that the case had settled but that the parties needed additional time to finalize the settlement documents. The Court entered an order confirming the parties'

settlement and indicated to the parties that the Court would enter automatic judgment consistent with their settlement and close the case in mid-June 2016.

Cases subject to these types of "60-day orders" usually end uneventfully, but this case is an exception to that pattern. One month after the Court issued the settlement order, Roberts filed what he dubbed a "motion for declaritory [*sic*] judgment/petition to adjudicate liens," seeking to rope the State of Illinois into the case. Roberts collected state pension and worker's compensation benefits after the accident, so the Illinois agencies administering those benefits had a lien on Roberts' recovery from Burdick and GDL Transport. Roberts' petition sought to have the Court square away how much Roberts owed to the state agencies. The rub was that Roberts' petition to adjudicate the liens was undeveloped: he didn't identify the Illinois agencies he sought to add, he didn't state which procedural mechanism in the federal rules he wished to use to add them, he didn't say anything about how those parties were aligned, and he offered nothing about the impact of adding parties on the Court's jurisdiction. Roberts is an Illinois citizen and the case was removable only because the defendants were Indiana citizens. The Illinois agencies likely qualify as Illinois citizens, so Roberts' efforts to add them could impact jurisdiction depending on how they are aligned. Because the motion was undeveloped, the Court denied it without prejudice, instructing Roberts that he was free to file again but if he did he needed to lay out a procedural mechanism for adding the Illinois agencies and a developed basis for this Court's jurisdiction.

Roberts has since filed another "motion for declaratory judgment/petition to adjudicate statutory liens." For their parts, Roberts and GDL Transport have moved to

dismiss themselves from the case with prejudice, for they already cut the settlement check to Burdick, and the state lienholders also moved to intervene in the case to litigate their liens. The Court held a teleconference concerning all of the pending motions on July 29, 2016. At the beginning of the conference, all involved were advised by the Court that there may be jurisdictional- and rule-related problems with granting Burdick's motion to add and the agencies' motions to intervene. Despite those looming issues, Burdick and GDL Transport reiterated their desire to be dismissed from the case and Roberts and the intervenors said they had no objection to dismissal at that point, so the defendants were dismissed. Roberts and the intervenors then advised the Court that a settlement conference before Magistrate Judge Wilkerson may help to work out their differences, so the Court again extended the automatic judgment date to October 8, 2016. Judge Wilkerson held a settlement conference on September 29, 2016, and despite his admirable efforts, Roberts and the lienholders weren't able to work things out. No one has moved to extend the pending judgment entry, and given that Burdick and GDL Transport have been dismissed from this case, the only impediment to judgment is the state agencies' pending motions to intervene and Roberts' pending motion to add. Those are now before the Court for review.

The Court will begin with Roberts' second motion to adjudicate liens, which is almost as summary as his last. This motion asks for two types of relief. Roberts first concedes that there might be a jurisdictional problem with adding the Illinois agencies into this federal case and, because of that problem, he moves the Court to declare the Illinois liens void. As Roberts sees it, if the state agencies had intervened earlier, the

3

case would have been remanded back to state court, and he sees the agencies' failure to insert themselves earlier in this case as a waiver of their lien rights.  The rub is that Roberts offers no rule, case authority, or developed argument backing up this premise, and it isn't incumbent on this Court to do his work for him.  *E.g., Bank of America, N.A. v. Veluchamy*, **643 F.3d 185, 190 (7th Cir. 2011);** *White Eagle Coop. Ass'n v. Conner*, **553 F.3d 467, 476 n.6 (7th Cir. 2009).**  That aspect of Roberts' motion must be denied.

Roberts' second request for relief suffers from a similar flaw.  Presuming there's no waiver of Illinois' liens, he again asks the Court to hear the lien action as a part of this proceeding under the Court's supplemental jurisdiction.  As the party asking the Court to hear a new declaratory claim related to a new party he has the burden to show that the Court has jurisdiction.  *Travelers Property Casualty v. Good*, **689 F.3d 714, 722 (7th Cir. 2012).**  He hasn't satisfied that burden.  Despite being prompted to do so in the last order, Roberts still hasn't put forth a procedural basis for adding the Illinois agencies to the case, nor has he offered any developed basis for jurisdiction over them.  All he's done is cite an unpublished district court decision from the Central District of Illinois, which permitted a claim by a plaintiff against a lienholder who had already intervened earlier in the case.  The case he cited, *Dereak v. Don Mattox Trucking, LLC*, **No. 06-3123, 2009 WL 1098766, at *2 (C.D. Ill. Apr. 23, 2009)**, didn't deal with a plaintiff's effort to bring a lienholder into a case, it didn't offer any developed analysis of jurisdiction for plaintiffs who are trying to add lienholders, and in any event district court rulings are persuasive and not precedential.  *United States v. Articles of Drug Consisting of 203 Paper Bags*, **818 F.2d 569, 572 (7th Cir. 1987)**.  The Court is of the view

4

that the citation to one inapposite district ruling, without more, doesn't satisfy Roberts' burden to persuade the Court that it has jurisdiction in this case, especially given that Roberts was given instructions as to what he needed to do to flesh out jurisdiction and has conceded that there is likely a jurisdictional defect with his motion.

The Court told Roberts to specify the rule he was using to add the Illinois agencies and to lay out jurisdiction over them for a reason. Roberts maintains that the Court can hear the lien matter under its supplemental jurisdiction, but that jurisdiction is circumscribed by 28 U.S.C. § 1367(b). That portion of the federal code says that federal courts lack supplemental jurisdiction over claims by plaintiffs against persons made parties under the federal joinder, impleader, or intervention rules if the overarching case is premised on diversity and if the plaintiff's claim against the new party runs afoul of the diversity requirements. Roberts' petition implies that his lien claim is directed at the Illinois agencies and that he has a substantial conflict with those agencies, so § 1367(b) likely has something to say about his ability to add the agencies to this case. *See, e.g., LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 555 n.5 (7th Cir. 2008); *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 932 (7th Cir. 1996). At the end of the day, for the Court to ascertain whether it has the power to hear the lien claim at Roberts' behest, it needs to know the specific procedural rule employed by Roberts to add the party, the party's proposed alignment, and why Roberts thinks the Court has jurisdiction in light of that alignment and the text of § 1367(b). Roberts hasn't fleshed out those points, so the Court must deny his motion.

With Roberts' amended motion resolved, that only leaves the Illinois agencies' motion to intervene in the case as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). The state agencies aren't asserting a right to intervene under a federal statute, so intervention is only proper when their ability to protect their interests in this federal case may be "impair[ed]" or "imped[ed]" by the disposition of this case without them. FED. R. CIV. P. 23(a)(2). In the mine run of cases, that kind of impairment doesn't exist when there is another forum available to the intervenor to litigate his interest, *Southmark Corp. v. Cagan*, 950 F.2d 416, 419 (7th Cir. 1991), and the Illinois agencies concede that another forum is available to them here. When they lay out the impairment under Rule 24 that necessitates their intervention into this case, they say that they need to intervene only because an inability to do so means they will have to pursue their liens on Roberts' settlement in a "subsequent" suit, presumably in state court. A lienholder's ability to pursue his lien on a plaintiff's recovery in a state forum typically shuts down any need for the lienholder to intervene in the primary merits suit. *See Sec. & Exch. Comm'n v. Homa*, 17 F. App'x 441, 446 (7th Cir. 2001); *see also Koester v. Amergen Energy Co.*, No. 06-3124, 2008 WL 879459, at *3 (C.D. Ill. Mar. 28, 2008); *Ebersohl v. Bechtel Corp.*, No. 09-1029, 2010 WL 2266736, at *2 (S.D. Ill. June 7, 2010); *Jones v. Shell Oil Co.*, No. 3:05-cv-622, 2006 WL 83467, at *2 (S.D. Ill. Jan. 11, 2006).

It's true that the availability of another forum doesn't preclude intervention in a federal case when matters decided as a part of the federal case could still prejudice the intervenor's interest in any subsequent action. *E.g., Commodity Futures Trading Com'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 387 (7th Cir. 1984); *Central*

6

*States, Southeast and Southwest Areas Health & Welfare Fund v. Old Sec. Life Ins. Co.*, **600 F.2d 671, 681 (7th Cir. 1979).** But the agencies don't reference any potential prejudice to them should the Court deny their motions to intervene beyond the hassle of filing suit in state court to press their liens, and the only source the Court can think up for them is Roberts' recent effort to try to have the liens declared waived. That request poses no real danger to their interests, as Roberts' hasn't offered any credible support for waiver and in any event his motion has been denied. *See Heritage Capital*, **736 F.2d at 387**. Because the agencies lone asserted hindrance doesn't impede their interests under Rule 24(a), the agencies' motions must be denied.

To sum up, Roberts' motion for declaratory judgment (Doc. 55) is **DENIED**. The Illinois agencies' motions to intervene as of right (Docs. 56 & 57) are also **DENIED**. Roberts and the agencies will need to settle their differences in a state court forum. The settlement-related judgment between the plaintiff and the defendants remains set for automatic entry by the Clerk of Court on or around October 8, 2016.

IT IS SO ORDERED.

DATED: October 4, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**